Kattan v 119 Christopher LLC (2022 NY Slip Op 02362)

Kattan v 119 Christopher LLC

2022 NY Slip Op 02362

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Gesmer, Oing, JJ. 

Index No. 156876/16 Appeal No. 15717 Case No. 2021-04477 

[*1]Rahamim Kattan, et al., Plaintiffs-Appellants,
v
119 Christopher LLC, Care of Sabet Group, Successor to WBS Associates, Defendant-Respondent.

Sutton Sachs Meyer PLLC, New York (Zachary G. Meyer of counsel), for appellants.
Golino Law Group, PLLC, New York (Brian W. Shaw of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about June 23, 2021, which denied plaintiffs' motion for leave to renew their motion for summary judgment and/or to vacate the prior order denying the motion and granting summary judgment to defendant upon a search of the record, unanimously affirmed, with costs.
Plaintiffs were not entitled to renewal since there was no change in the law after the prior order was issued (CPLR 2221[e][2]). Our decision in Reichenbach v Jacin Invs. Corp., N.V. (190 AD3d 437 [1st Dept 2021]) merely reaffirmed the existing law that an agreement to circumvent the Rent Stabilization Law is void and that parties are not the arbiters of whether an apartment is subject to rent stabilization (id. at 438; see also Kattan v 119 Christopher LLC, 180 AD3d 566 [1st Dept 2020], lv dismissed 35 NY3d 1004 [2020] [affirming prior order]).
Plaintiffs were also not entitled to vacatur pursuant to CPLR 5015(a) because they failed to establish any of the grounds for vacatur enumerated in the statute.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022