Quinatoa v Hewlett Assoc., LP (2022 NY Slip Op 03485)





Quinatoa v Hewlett Assoc., LP


2022 NY Slip Op 03485


Decided on May 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2022

Before: Webber, J.P., Kern, Oing, Scarpulla, Pitt, JJ. 


Index No. 151132/18 Appeal No. 16034 Case No. 2021-03641 

[*1]Stella Quinatoa et al., Plaintiffs-Respondents,
v
Hewlett Associates, LP, Defendant-Appellant.


Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for appellant.
Milbank LLP, New York (Jonathan Ohring of counsel), for respondents.



Order, Supreme Court, New York County (James Edward D'Auguste, J.), entered on or about March 25, 2021, which denied defendant's motion to renew its motion to dismiss the complaint, unanimously affirmed, with costs.
The motion court providently denied defendant's motion for renewal. Defendant moved for renewal based on its assertion that the Court of Appeals' decision in Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal (35 NY3d 332 [2020]) (Regina) constituted a change in the law. However, there has been no change in the pre-Housing Stability and Tenant Protection Act (HSTPA [L2019, ch 36]) (HSTPA) law in cases where fraud has been alleged. In instances involving allegations of a fraudulent scheme, Regina reaffirmed recourse to the default formula to set the base date rent (see Regina, 35 NY3d at 355).
On appeal, defendant contends that the motion court erred in determining that the complaint adequately alleged a fraudulent scheme to deregulate apartments in the building, an assertion that could have been raised in its initial motion to dismiss, and therefore we decline to reach it (Kattan v 119 Christopher LLC, 2022 NY Slip Op 02362, 164 NYS3d 439 [1st Dept 2022] [renewal providently denied where intervening decision "merely reaffirmed the existing law"]).
Were we to reach the issue, we would find that the motion court properly rejected defendant's contention that the complaint did not assert a claim that defendant engaged in a fraudulent scheme to evade the Rent Stabilization Laws well after the Court of Appeals decided Roberts v Tishman Speyer Props., L.P. (13 NY3d 270 [2009]), which held that rent-regulated apartments cannot be removed from rent stabilization while the building receives J-51 benefits (id. at 280). Here, the complaint sufficiently sets forth the elements of "representation of material fact, falsity, scienter, reliance and injury'" (Regina, 35 NY3d at 356 n 7) by alleging that defendant "deceived tenants" with respect to the rent-regulated status of their apartments by providing leases that stated that the apartments were not subject to rent stabilization, that defendant "knew to be false" its statement to tenants that the apartments were deregulated, that the "deception" deprived plaintiffs of their Senior Citizen Rent Increase Exemption benefits, and that defendant "flouted" their obligations under the Rent Stabilization Laws.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 31, 2022